IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>vs.<br><br>MARTINA DEL FIN VILLARREAL (61),<br>          Defendant. | **CASE NO: 4:19-CR-277-ALM-CAN** |

**ORDER OF DETENTION PENDING TRIAL**

**Part I – Eligibility for Detention**

Upon the

☒ Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of The Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This Order sets forth the Court's finding of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II – Findings of Fact and Law as to Presumptions under § 3142(e)**

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; or

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

☐ **(e)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; and

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**:

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

OR

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by:

☐ clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Defendant is charged in a Third Superseding Indictment with violations of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Cocaine); 21 U.S.C. § 959 and 18 U.S.C. § 2 (Manufacturing and Distributing Methamphetamine, Cocaine and Heroin Intending and Knowing that the Methamphetamine, Cocaine and Heroin Will Be Unlawfully Imported into the United States and Aiding and Abetting); 18 U.S.C. § 1956(h) and 1956(a)(2)(A) and (a)(2)(B)(i) (Conspiracy to Commit Money Laundering); and 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Heroin). The United States moved to detain Defendant pending trial. *See* Oral Motion on April 5, 2021 (the "Oral Motion").

A detention hearing was held on April 7, 2021. The Government was represented by Assistant United States Attorney Ernest Gonzalez, and Defendant was represented by Marc Fratter. The Court finds Defendant should be detained.

Special Agent Marcus West ("Agent West") of the Drug Enforcement Agency ("DEA") testified regarding details of the alleged offenses and investigation leading to Defendant's arrest. Agent West reported that an investigation commenced in August 2019, that targeted a drug trafficking organization ("DTO") headed by Rafael Gallegos Sr., and Rafael Gallegos Jr. Agent West testified that the DTO sold multi-kilogram quantities of cocaine, heroin, methamphetamine, and Xanax. In addition, the DTO moved the drug proceeds into Mexico using trucks and trailers and cover loads of home goods, water, and food to conceal millions of dollars. Agent West testified that the investigation indicated that the DTO moved approximately $1–1.5 million in cash to Mexico every week.

Agent West testified that Defendant served as a courier for the DTO, with records indicating she has crossed the border at least 446 times. Agent West testified that Defendant used a red F150 truck to move trailers for the DTO.

Agent West testified that, as a result of working with three cooperating defendants, the DEA seized $3.5 million in currency, 40 kilograms of cocaine, 15 kilograms of heroin, 2 kilograms of methamphetamine, numerous firearms, and multiple drug ledgers. Agent West testified that the drug ledgers connected sales and transfer of funds across the border, and corroborated Defendant's involvement as a courier for the DTO.

Agent West testified that at least eight members of the DTO have absconded to Durango, Mexico, where they are living under the support of Rafael Gallegos Sr., and Rafael Gallegos Jr. Agent West testified that the DTO has encouraged other defendants in this matter to abscond and join the DTO in Mexico. Agent West testified that Defendant is a threat to flee, particularly as a well-trusted member of the DTO who has been closely involved in its operations. Agent West noted that Defendant is originally from Durango, Mexico.

Defendant's daughter, Brenda Villarreal, testified as a proposed third-party custodian. Ms. Villarreal corroborated that Defendant made trips to Mexico almost every weekend for a shipping company, but was unaware that any such trip was for the DTO. Ms. Villarreal testified that, if Defendant is released into her custody, Defendant would be living in a house with two children, ages 5 and 10. Ms. Villarreal works Monday through Friday, 8:00 a.m. to 5:00 p.m. Though the Court finds Ms. Villarreal's testimony credible, as she cannot monitor Defendant during the week or prevent Defendant from absconding, the Court does not find her to be a suitable third-party custodian in this matter.

Contrary to her daughter's testimony, Defendant reported to pre-trial services that she is unemployed.

Because the Court cannot fashion any conditions that would ensure Defendant's appearance as required in these proceedings, the United States' Oral Motion for detention is **GRANTED**, and Defendant is detained pending trial.

In addition to any findings above or other findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Weight of evidence against the defendant is strong
- ☒ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☒ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

**Part III - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**So ORDERED and SIGNED this 12th day of April, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE