# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　　　**Plaintiff,**<br><br>vs.<br><br>**JUAN FRANCISCO QUEZADA-FLORES,**<br>　　　　　　**Defendant.** | **CASE NO: 4:19-CR-277-ALM-CAN** |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☒ Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This Order sets forth the Court's finding of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

　　☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

　　☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; or

　　☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

　　☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

1

☐ **(e)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; and

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**:

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

OR

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by:

☒ clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Defendant is charged in a Third Superseding Indictment with a violation of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Cocaine) and a violation of 21 U.S.C. § 959 and 18 U.S.C. § 2 (Manufacturing and Distributing Methamphetamine, Cocaine and Heroin Intending and Knowing that the Methamphetamine, Cocaine and Heroin Will Be Unlawfully Imported into the United States and Aiding and Abetting). The United States moved to detain, and on February 24, 2021, Defendant signed a Waiver of Detention Hearing. On May 27, 2021, Defendant filed a Motion for Pretrial Release.

The Court held a detention hearing on June 8, 2021. The Government was represented by Assistant United States Attorney Ernest Gonzalez, and Defendant was represented by Micah Beldin. The Court finds Defendant should be detained.

Special Agent Marcus West ("Agent West") of the Drug Enforcement Agency ("DEA") testified regarding the details of the alleged offense and the investigation leading to Defendant's arrest. Mr. West testified that co-Defendants Rafael Galindo Gallegos, Sr., and Rafael Galindo Gallegos, Jr., lead a drug trafficking organization ("DTO") based in Durango, Mexico (the "Gallegos DTO"). Agent West testified the Gallegos DTO has ties to the Sinaloa Cartel.

According to Agent West, the Gallegos DTO has trafficked large quantities of cocaine into the United States. Agent West further testified the Gallegos DTO engages in firearms trafficking, whereby the Gallegos DTO smuggles firearms to Mexico to help arm drug cartels.

During the execution of eight search warrants on June 18, 2020, the DEA, in coordination with other agencies, seized over forty (40) kilograms of cocaine, multiple firearms, $3.5 million in U.S. currency, and drug ledgers from a residence in the Dallas/Fort Worth area ("DFW"). The drug ledgers indicated an individual named "Abuelo" was a multi-kilo customer of the DTO. Agent West testified three co-operating defendants identified Defendant as "Abuelo."

Agent West's investigation of the drug ledgers reveals Defendant has purchased more than forty (40) kilograms from the Gallegos DTO. Agent West testified the Gallegos DTO often destroys drugs ledgers one month after the ledgers are created, and because many drug ledgers are no longer available, Defendant has likely purchased much more than forty (40) kilograms of cocaine from the Gallegos DTO. Agent West testified Defendant runs a taqueria restaurant on Maple Avenue in Dallas, Texas, and cocaine was bought and sold at this establishment.

On February 23, 2021, during the execution of four warrants, the DEA arrested Defendant, seized $200,000 in U.S. currency, three firearms, and four (4) kilograms of cocaine.

Defendant was born in Jalisco, Mexico, and nine (9) of his eleven (11) siblings, as well as Defendant's mother, currently reside in Mexico. Defendant became a Lawful Permanent Resident on December 1, 1990. According to Defendant, he frequently travels to Mexico to care for his mother and periodically resides in Mexico for one (1) to two (2) months at a time to work. Agent West testified that Defendant owns a home in Mexico, which Agent West described as a future retirement home where Defendant's wife currently resides. Agent West's investigation revealed that, between 2009 and 2020, Defendant crossed the U.S/Mexico border at least nineteen (19) times. Moreover, co-Defendants in this case are fugitives, and the investigation has uncovered communications in which Gallegos and others have encouraged co-Defendants to flee to Mexico.

Enoc Rivera ("Mr. Rivera"), Defendant's friend, testified as a possible third-party custodian. Mr. Rivera testified he has known Defendant for five (5) years, and he currently lives in Irving, Texas, with his wife,

daughter, aunt-in-law, nephew-in-law, and niece-in-law. These family members are twenty-four (24), two (2), forty (40), twenty (20), and seven (7) years old, respectively. Mr. Rivera testified he works forty (40) to fifty (50) hours a week and has no criminal history. Mr. Rivera further testified he would be willing to house Defendant.

The Court finds Defendant has not rebutted the presumption that there are conditions or a combination of conditions that will reasonably assure the safety of any other person and the community or reasonably assure his appearance as required. Based on the testimony, Mr. Rivera is not a suitable third-party custodian, as he will be unable to supervise Defendant given his work schedule. Further, the Court notes there are young children in the home, and Defendant's release to Mr. Rivera's residence poses a danger to these young children. Accordingly, the United States' Motion for detention is **GRANTED**, Defendant's Motion for Pretrial Release is **DENIED**, and Defendant shall be detained pending trial.

In addition to any findings above or other findings made on the record at the hearing, the reasons for detention include the following:

- [x] Weight of evidence against the defendant is strong
- [x] Subject to lengthy period of incarceration if convicted
- [x] Prior criminal history
- [ ] Participation in criminal activity while on probation, parole, or supervision
- [x] History of violence or use of weapons
- [ ] History of alcohol or substance abuse
- [ ] Lack of stable employment
- [ ] Lack of stable residence
- [ ] Lack of financially responsible sureties
- [ ] Lack of significant community or family ties to this district
- [x] Significant family or other ties outside the United States
- [ ] Lack of legal status in the United States
- [x] Subject to removal or deportation after serving any period of incarceration
- [ ] Prior failure to appear in court as ordered
- [ ] Prior attempt(s) to evade law enforcement
- [x] Use of alias(es) or false documents

☒ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

### Part III - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**So ORDERED and SIGNED this 14th day of June, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE