IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.



LEONOR LOPEZ (8)

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

SEALED

No. 4:19-CR-00277-ALM-CAN



§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§



§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

## FOURTH SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation:  21 U.S.C. § 846 (Conspiracy
to Possess with the Intent to Manufacture
and Distribute Methamphetamine)

That from sometime in or about January 2016, and continuously thereafter up to

and including January 12, 2022, in the Eastern District of Texas and elsewhere,



Leonor Lopez

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

## Count Two

> Violation:  21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Cocaine)

That from sometime in or about January 2016, and continuously thereafter up to and including January 12, 2022, in the Eastern District of Texas and elsewhere,



**Leonor Lopez**



defendants, did knowingly and intentionally combine, conspire, and agree with each other

and other persons known and unknown to the United States Grand Jury, to knowingly

and intentionally possess with the intent to manufacture and distribute 5 kilograms or

more of a mixture or substance containing a detectable amount of cocaine, a violation of

21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Three

> Violation:  21 U.S.C. § 959 and 18 U.S.C. § 2 (Manufacturing and Distributing Methamphetamine, Cocaine and Heroin Intending and Knowing that the Methamphetamine, Cocaine and Heroin Will Be Unlawfully Imported into the United States and Aiding and Abetting)

That from sometime in or about January 2016, and continuously thereafter up to

and including January 12, 2022,



**Leonor Lopez**



defendants, did knowingly and intentionally manufacture and distribute 500 grams or

more of a mixture or substance containing a detectable amount of methamphetamine or

50 grams or more of methamphetamine (actual), five kilograms or more of a mixture or

substance containing a detectable amount of cocaine, and 1 kilogram or more of a mixture or substance containing a detectable amount of heroin intending, knowing and with reasonable cause to believe that such methamphetamine, cocaine and heroin would be unlawfully imported into the United States.

In violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

### Count Four

> <u>Violation</u>: 18 U.S.C. § 1956(h) and
> 1956(a)(2)(A) and (a)(2)(B)(i)
> (Conspiracy to Commit Money
> Laundering)

That from sometime in or about January 2016, and continuously thereafter up to and including January 12, 2022, in the Eastern District of Texas and elsewhere,



**Leonor Lopez**



defendants, did knowingly combine, conspire, and agree together and with each other and with other persons known and unknown to conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is conspiracy to distribute and possess with intent to manufacture and distribute methamphetamine, cocaine, and heroin as alleged in Counts One, Two, Three, and Five of this Fourth Superseding Indictment;

1.      knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of that specified unlawful activity contrary to 18 U.S.C. § 1956(a)(B)(i);

2.      did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Manufacture and Distribute a Controlled Substance, to-wit: methamphetamine, cocaine, and heroin as described in Counts One, Two, Three, and Five of this Fourth Superseding Indictment, in violation of 18 U.S.C. § 1956(a)(2)(A); and

3.      did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, involving the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Manufacture and Distribute a Controlled Substance, to-wit: methamphetamine, cocaine, and heroin as described in Counts One, Two, Three, and Five of this Fourth Superseding Indictment, knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

All in violation of 18 U.S.C. § 1956(h).

### Count Five

> Violation:  21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Heroin)

That from sometime in or about January 2016, and continuously thereafter up to and including January 12, 2022, in the Eastern District of Texas and elsewhere,





defendants, did knowingly and intentionally combine, conspire, and agree with each other

and other persons known and unknown to the United States Grand Jury, to knowingly

and intentionally possess with the intent to manufacture and distribute 1 kilogram or

more of a mixture or substance containing a detectable amount of heroin, a violation of

21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Six

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about April 29, 2020, within the Northern District of Texas, ▬▬▬▬▬

▬▬▬▬▬ defendant, did knowingly possess firearms, namely, a FN Herstal

Model 57, .57 caliber pistol, Serial Number 386365386, a Glock Model 43, 9mm pistol, Serial Number BCTU509 and a Glock GMBH Model 22GEN4, .40 caliber pistol, Serial Number BLXT626, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to distribute methamphetamine, cocaine, and heroin.

In violation of 18 U.S.C. § 924(c).

### Count Seven

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about April 29, 2020, within the Northern District of Texas, ███████ ███████████████████████████ defendant, did knowingly possess firearms, namely, a Glock Model 43, 9mm pistol, Serial Number BCTU509, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to distribute methamphetamine, cocaine, and heroin.

In violation of 18 U.S.C. § 924(c).

## Count Eight

Violation: Title 21 U.S.C. § 848(a)
(Continuing Criminal Enterprise)

That from sometime in or about January 2016, and continuously thereafter up to and including January 12, 2022, in the Eastern District of Texas and elsewhere,



defendants herein, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated 21 U.S.C. § 846, which violation includes, but is not limited to, the substantive violation alleged in Counts 1, 2, 3, and 5 of this Fourth Superseding Indictment, to wit: Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, Heroin and Cocaine, and Manufacturing and Distributing Methamphetamine, Cocaine and Heroin Intending and Knowing that the Methamphetamine, Cocaine and Heroin Will Be Unlawfully Imported into the United States, which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., undertaken by defendants █████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████



in concert with at least five other persons with respect to whom

occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

All in violation of 21 U.S.C. § 848(a).

### Count Nine

> Violation: Title 18 U.S.C. § 924(o)
> (Conspiracy to Possess Firearms in
> Furtherance of any Crime of Violence or
> Drug Trafficking Crime)

That from sometime in or about January 2016, and continuously thereafter up to and including January 12, 2022, in the Eastern District of Texas and elsewhere,



knowingly, combined, conspired, confederated, and agreed with others known and

unknown to the Grand Jury to commit offenses against the United States, that is, the

defendants, 

conspired to possess firearms in furtherance of the drug trafficking

crimes charged in Counts 1, 2, 3 and 5 of this Fourth Superseding Indictment, re-alleged

herein, contrary to 18 U.S.C. § 924(c)(1) and 924(o).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this Fourth Superseding

Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C.

§ 924(d), 18 U.S.C. § 982 and 21 U.S.C. § 853, all property used to commit or facilitate

the offenses, proceeds from the offenses, and property derived from proceeds obtained

directly or indirectly from the offenses, including but not limited to the following:

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 3909 LARKIN LANE, GARLAND, DALLAS COUNTY, TEXAS more fully described as BEING LOT 1, BLOCK 1, OF TOLER ESTATES NO. 2, AN ADDITION TO THE CITY OF GARLAND, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOL 72037, PAGE 2541, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS seized from **Leonor Lopez**

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 174 LAKE CANDLEWOOD COURT, CLINT, EL PASO COUNTY, TEXAS more fully described as LOT 78, BLOCK 2, LAKE WAY ESTATES UNIT ONE, EL PASO, EL PASO COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED COLUME 60, PAGE 27 OF THE PLAT RECORDS OF EL PASO COUNTY, TEXAS, EL PASO CENTRAL APPRAISAL GEO ID L17800000207800 seized from ███████████████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 5114 CIMARRON STREET, LOS ANGELES, CA 90062, LOS ANGELES COUNTY more fully described as THE NORTH 40 FEET OF LOT 240 OF ST. VINCENT COLLEGE TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGES 118 AND 119 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY seized from ████████████████████████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 3046 ROTAN LANE, DALLAS, DALLAS COUNTY, TEXAS more fully described as WALNUT HILLS 3RD INST BLOCK 15/6461, LOT 15, VOL98128/0056 DD022098 CO-DALLAS, 6461 015 01500 1006461 015 seized from ███████████████████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 1406 KITTYHAWK DRIVE, ARLINGTON, TARRANT COUNTY, TEXAS MAYFIELD MEADOWS more fully described as ADDITION BLOCK E LOT 4 seized from ███████████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 0 E 12th, KEMP, KAUFMAN COUNTY, TEXAS more fully described as STILL ADDN BLOCK 20, PROPERTY ID 37670 seized from ████ ████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 0 E 12TH, KEMP, KAUFMAN COUNTY, TEXAS more fully described as STILL ADDN BLOCK 21, PROPERTY ID 37669 seized from ████ ████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 0 E 11TH, KEMP, KAUFMAN COUNTY, TEXAS more fully described as STILL, BLOCK 19 PT, PROPERTY ID 37667 seized from ███████████

FN Herstal Model 57, .57 caliber pistol, Serial Number 386365386 seized from ▬▬▬▬

Glock GMBH Model 22GEN4, .40 caliber pistol, Serial Number BLXT626 seized from ▬▬▬▬

Glock Model 43, 9mm pistol, Serial Number BCTU509 seized from ▬▬▬▬

2015 Volkswagen Passat, VIN #1VWAS7A32FC120225 seized from ▬▬▬▬

2009 Mercedes Benz S Class S550, VIN # WDDNG71X09A273376 seized from ▬▬▬▬

Assorted jewelry valued at $3,725.00 seized from ▬▬▬▬

$1,920 in U.S. currency seized from ▬▬▬▬

$52,860.00 in U.S. currency seized from ▬▬▬▬

$903.00 in U.S. currency seized from ▬▬▬▬

$17,000.00 in U.S. currency seized from ▬▬▬▬

$2,981.00 in U.S. currency seized from ▬▬▬▬

$404.00 in U.S. currency seized from ▬▬▬▬

Wells Fargo Bank, Account xxxx2515 in the amount of $902,746.64

Wells Fargo Bank, Account xxxx9841, in the amount of $27,181.88

Whitney and Hancock Bank, Account xxxx0205 in the amount of $34,424.46

$59,141.72 in U.S. currency seized from ▬▬▬▬

$107,270.00 in U.S. currency seized from ▬▬▬▬

**Fourth Superseding Indictment/Notice of Penalty – Page 18**

$3,716.00 in U.S. currency seized from ███████████████████ ████████████

$1,200,027.23 in U.S. currency

$774,910.00 in U.S. currency seized from ███████████████ ████████████████████████████████████

$1,121.00 in U.S. currency seized from ██████████████████ █████████

$6,288.02 in U.S. currency seized from █████████████████████ ███████████████

$404.00 in U.S. currency seized from ███████████████████

$18,495.00 in U.S. currency seized from ██████████████████████

$505,601.00 in U.S. currency seized from ██████████████████████ █████████

$70,162.00 in U.S. currency seized from **Leonor Lopez**

$71,650 in U.S. currency seized from ███████████████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 4420 Windward Circle, Dallas, Collin County, Texas 75287 more fully described as Northpointe, Blk B/8740 seized from ████████████████ ██████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 1833 Wildwood Drive, Grand Prairie, Dallas County, Texas 75050 more fully described as BLK 19 PT LT 20, Juris Split to 81249500190200000, INT201700195622 DD07112017 CO-DC, 2495001902000 4CP24950019 seized from ██████████████████████████████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 1441 Dimmit Drive, Carrollton, Denton County, Texas more fully described as Cedar Elm Estates PH II BLK C LOT 1

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 7504 Rock Garden Trail, Fort Worth, Tarrant County, Texas more fully described as Trail Lake Estates ADDN-FT-WTH Block 3 Lot 12 seized from ███████████████

All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 409 Parkvale Lane, Grand Prairie, Dallas County, Texas more fully described as Lake Park Village 3, BLK 14 LT 13 INT201800141061 DD05152018 CO-DC 1206001401 300 4CP12060014 seized from ███████████████

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____          _____
ERNEST GONZALEZ                                      Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| v. | § | No. 4:19-CR-00277-ALM-CAN |
| | § | |



LEONOR LOPEZ (8)



§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§



§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

### Count One

Violation:    21 U.S.C. § 846

Penalty:    If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual) – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years

Special Assessment:  $100.00

## Count Two

Violation:    21 U.S.C. § 846

Penalty:    If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years

Special Assessment:  $100.00

## Count Three

Violation:    21 U.S.C. § 959

Penalty:    Imprisonment for not less than ten years or more than life, a fine not to exceed $10,000,000.00 or both.  A term of supervised release of at least five years

Special Assessment:  $100.00

## Count Four

Violation:    18 U.S.C. § 1956(h) and 1956(a)(2)(A) and (a)(2)(B)(i)

Penalty:    Not more than 20 years imprisonment; a fine not to exceed $250,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years.

Special Assessment:  $100.00

## Count Five

Violation:    21 U.S.C. § 846

Penalty:    If 1 kilogram or more of a mixture or substance containing a detectable amount of heroin – not less than 10 years and not more than life

imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years

Special Assessment:  $100.00

## Counts Six-Seven

Violation:    18 U.S.C. § 924(c)

Penalty:    Imprisonment for not less than five years to be served consecutive with any other term; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

Special Assessment:  $100.00

## Count Eight

Violation:    21 U.S.C. § 848(a)

Penalty:    Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, a fine not to exceed $2 million, or both; supervised release of at least eight years;
If any person engages in such activity after one or more prior convictions under this section have become final, he or she shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least ten years.

Special Assessment:  $100.00

## Count Nine

Violation:    18 U.S.C. § 924(o)

Penalty:    Imprisonment for not less than five years to be served consecutive with any other term; if the firearm is brandished, imprisonment for not less than seven years; if the firearm is discharged, imprisonment for not less than ten years; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

Special Assessment:  $100.00